IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JULIANNA L. DITTON                                                                                       PLAINTIFF

V.                                               NO. 15-2061

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security Administration                    DEFENDANT

**O R D E R**

Plaintiff, Julianna L. Ditton, appealed the Commissioner's denial of benefits to this Court. On October 21, 2015, pursuant to Defendant's Motion to Remand, a Judgment was entered remanding this matter to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 13). Plaintiff now moves for an award of $5,133.15 in attorney's fees under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA"), requesting compensation for 27.45 hours of work performed before the Court in 2015 and 2016, at an hourly rate of $187.00. (Doc. 14-1). Defendant has filed a response, stating that she does not oppose the requested hourly rates sought, but does object to the excessive number of hours Plaintiff's counsel is requesting. (Doc. 16).

Pursuant to 28 U.S.C. § 2412(d)(1)(A), the Court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The burden is on the Commissioner to show substantial justification for the government's denial of benefits. Jackson v. Bowen, 807 F.2d 127, 128

1

(8th Cir. 1986).  Under Shalala v. Schaefer, 509 U.S. 292, 302 (1993), a social security claimant who obtains a sentence-four judgment reversing the Commissioner's denial of benefits and remanding the case for further proceedings is a prevailing party.

In determining a reasonable attorney's fee, the Court will in each case consider the following factors:  time and labor required;  the novelty and difficulty of questions involved;  the skill required to handle the problems presented;  the preclusion of employment by the attorney due to acceptance of the case;  the customary fee;  whether the fee is fixed or contingent;  time limitations imposed by the client or the circumstances;  the amount involved and the results obtained;  the attorney's experience, reputation and ability;  the "undesirability" of the case; the nature and length of the professional relationship with the client;  and awards in similar cases.  Hensley v. Eckerhart, 461 U.S. 424, 430 (1983).

However, the EAJA is not designed to reimburse without limit.  Pierce v. Underwood, 487 U.S. 552, 573 (1988).  The Court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner. Clements v. Astrue, 2009 WL 4508480 (W.D. Ark. Dec. 1, 2009);  see also Decker v. Sullivan, 976 F.2d 456, 459 (8th Cir. 1992) ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

The EAJA further requires an attorney seeking fees to submit "an itemized statement...stating the actual time expended and the rate at which fees and other expenses were computed."  28 U.S.C. § 2412(d)(1)(B).  Attorneys seeking fees under federal fee-shifting statutes such as the EAJA are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed

2

description of the subject matter of the work." Id. Where documentation is inadequate, the Court may reduce the award accordingly. Hensley, 461 U.S. at 433 (1983).

Plaintiff's attorney requests an award under the EAJA at an hourly rate of $187.00 for a total of 27.45 hours, which she asserts were devoted to the representation of Plaintiff in this Court in 2015 and 2016. The party seeking attorney fees bears the burden of proving that the claimed fees are reasonable. Hensley, 461 U.S. at 437. Attorney fees may not be awarded in excess of $125.00 per hour - the maximum statutory rate under § 2412(d)(2)(A) - unless the court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). In Johnson v. Sullivan, 919 F.2d 503 (8th Cir. 1990), the Court stated that the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than [the maximum statutory hourly rate]," such as a copy of the Consumer Price Index (CPI). Plaintiff's counsel submitted a CPI-Urban in support of her requested hourly rate. Amended General Order 39 provides that the CPI-South index is to be used in computing cost of living increases. The Court finds that the CPI-South index supports an award based upon an hourly rate of $187.00 for 2015 and 2016.[1] See Johnson, 919 F.2d at 505.

The Court will next address the number of hours Plaintiff's counsel has alleged she spent in this matter.

---

[1] Per Amended General Order 39, the allowable rate for each year is as follows, and for simplicity sake, the figure is rounded to the nearest dollar:

2015 - 228.451 x 125 divided by 152.4 (March 1996 CPI-South) = $187.38/hour -$187.00

2016 - 229.581 x 125 divided by 152.4 (March 1996 CPI-South) = $188.30/hour - $188.00

3

"'Purely clerical activities, regardless of who performs them, are considered overhead and are not compensable as EAJA attorney fees.'" McCarty v. Astrue, No. 4:11-CV-00022-BRW, 2012 WL 2571229 at *1 (E.D. Ark. July 2, 2012)(quoting Gough v. Apfel, 133 F.Supp. 2d 878, 881 (W.D. Va. 2001) and Missouri v. Jenkins, 491 U.S. 274, 288 n. 10 (1989)); Granville House, Inc. v. Department of HEW, 813 F.2d 881, 884 (8th Cir. 1987)(work which could have been completed by support staff is not compensable under the EAJA). Plaintiff seeks reimbursement for the following activities:

| Date | Activity | Hours |
|---|---|---|
| 3/30/2015 | E-Mail. ECFs regarding filing of complaint | .10 |
| 4/15/2015 | E-Mail. ECFs regarding memo of reassignment and second reassignment. | .10 |
| 7/10/2015 | SERV. Of PROCESS. Received green card from U.S. Attorney memo to staff regarding affidavit Of service. Green card back from US attorney Signed by Eric Hill 6-26-15, rec'd 6-3015; 7014-0150-0000-7080-1626; routed to paralegal With instructions | .05 |
| 7/15/2015 | SERV. Of PROCESS. Received green card from Holder memo to staff regarding affidavit of Service. Green card back Holder signed by Illegible 6/30/15, rec'd 7/6/15, 7014-0150-0000-7080-1619 with memo to staff regarding affidavit Of service. | .10 |

See McCarty 2012 WL 2571229 at *1 (classifying review of ECFs as clerical in nature). Accordingly, the Court will deduct .35 hours from the attorney hours.

4

Plaintiff's counsel seeks reimbursement for 13.50 hours of time spent in reviewing the transcript and preparing the appeal brief. Plaintiff's counsel is an experienced social security attorney, and reviewing the 283 page transcript and preparing the appeal brief should not have taken her more than 12 hours. The Court will therefore deduct 1.50 hours from the attorney hours.

Based upon the foregoing, the Court finds that Plaintiff's counsel should be awarded an attorney's fee under the EAJA for: 25.60 attorney hours for work performed in 2015 and 2016 (27.45 hours less 1.85 hours) at an hourly rate of $187.00, for a **total attorney's fee award of $4,787.20.** This amount should be paid in addition to, and not out of, any past due benefits which Plaintiff may be awarded in the future. Based upon the holding in Astrue v. Ratliff, 130 S.Ct. 2521 (2010), the EAJA award should be paid directly to Plaintiff.

The parties are reminded that the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent double recovery by counsel for the Plaintiff.

DATED this 9th day of March, 2016.

*/s/ Erin L. Setser*
HONORABLE ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

Case 2:15-cv-02061-ELW   Document 17   Filed 03/09/16   Page 6 of 6 PageID #: 83

Case 2:15-cv-02061-ELW   Document 17   Filed 03/09/16   Page 6 of 6 PageID #: 83

6